1  JAMES A. SARRAIL, ESQ. (SBN 43075)
   MONICA CASTILLO, ESQ. (SBN 146154)
2  SARRAIL, CASTILLO & HALL, LLP
   111 Anza Blvd., Suite 203
3  Burlingame, CA 94010
   Telephone:  (650) 685-9200
4  Facsimile:    (650) 685-9206

5  Attorneys for Plaintiff Richard Johnson

6

7

8                    UNITED STATES DISTRICT COURT

9        IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
   RICHARD JOHNSON,                    )    Case No.:
11                                      )
                Plaintiff,              )    **COMPLAINT FOR PRELIMINARY AND**
12                                      )    **PERMANENT INJUNCTIVE RELIEF**
   RALPH DI TULLIO; ELISABETH DI        )    **AND DAMAGES: DENIAL OF CIVIL**
13 TULLIO, and DOES 1-10, Inclusive,    )    **RIGHTS AND ACCESS TO PUBLIC**
                                        )    **FACILITIES TO PHYSICALLY**
14              Defendants.             )    **DISABLED PERSONS, PER**
                                        )    **CALIFORNIA STATUTES (INCLUDING**
15                                      )    **CIVIL CODE §§ 51, 52, 54, 54.1, 54.3,**
                                        )    **54.4 AND 55), INJUNCTIVE RELIEF**
16                                      )    **PER TITLE III, AMERICANS WITH**
                                        )    **DISABILITIES ACT OF 1990**
17                                      )
                                        )    **DEMAND FOR JURY TRIAL**
18 _____)

19

20
          Plaintiff, RICHARD JOHNSON ("JOHNSON") complains of defendants RALPH DI
21
   TULLIO; ELISABETH DI TULLIO; and DOES 1-10 (collectively, "DEFENDANTS"), inclusive,
22
   and each of them, and alleges as follows:
23
   **A. INTRODUCTION**
24
          1. This case involves the denial of accessible public facilities to JOHNSON and other
25
   disabled persons at the location at 21433 Broadway Road, Los Gatos, CA 95033
26
   ("NONNO'S PIZZA"). JOHNSON, a qualified disabled person, experienced numerous
27
   barriers to access as a result of the access violations at NONNO'S PIZZA, including but not
28

**COMPLAINT**                                                              1

1    limited to the parking, path of travel, and interior use. JOHNSON has been a disabled
2    individual since an accident left him paraplegic in or about July 2009 and is a "person with
3    a disability" or a "physically handicapped person". JOHNSON uses a wheelchair when
4    ambulating and is unable to use portions of public facilities which are not accessible to
5    disabled persons, including those who use a wheelchair. JOHNSON was denied his rights
6    to full and equal access at these facilities, and was denied his civil rights under both
7    California law and federal law, because this facility was not, and is not now, properly
8    accessible to physically disabled person, including those who use a wheelchair. JOHNSON
9    seeks injunctive relief to require DEFENDANTS to make this facility accessible to disabled
10   persons and to ensure that any disabled person who attempts to use NONNO'S PIZZA will
11   be provided properly disabled-accessible facilities. JOHNSON also seeks recovery of
12   damages for his discriminatory experiences and denial of access and civil rights, which
13   denial is continuing as a result of DEFENDANTS' failure and refusal to provide disabled-
14   accessible facilities. JOHNSON also seeks recovery of reasonable statutory attorney fees,
15   litigation expenses and costs.

16   **B. JURISDICTION**

17       2. This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations
18   of the Americans with Disabilities Act of 1990, 42 USC §12101 et seq. Pursuant to pendant
19   jurisdiction, attendant and related causes of action arising from the same facts are also
20   brought under California law, including but not limited to violations of California Government
21   Code §§4450 et seq, California Civil Code §§51, 52, 54, 54.1, 54.4 and 55; and Title 24
22   California Code of Regulations.

23   **C. VENUE**

24       3. Venue is proper in this court pursuant to 28 USC §1391(b)and is founded on the
25   fact that the real property which is the subject of this action is located in this district, that
26   JOHNSON resides in this district and that JOHNSON's causes of action arose in this
27   district.

28

---

**COMPLAINT**                                                                              2

1    D. **INTRADISTRICT**

2        4. This case should be assigned to the San Jose intradistrict as the real property

3    which is the subject of this action is located in this intradistrict and JOHNSON's causes of

4    action arose in this district.

5    E. **PARTIES**

6        5. Plaintiff, RICHARD JOHNSON, is a qualified physically disabled person who has

7    been disabled since an accident left him paraplegic in or about July 2009 and is a "person

8    with a disability" or a "physically handicapped person". JOHNSON uses a wheelchair when

9    ambulating , and is a "disabled" person within the meaning of Civil Code §54 and §54.1.

10   Defendants, RALPH DI TULLIO; ELISABETH DI TULLIO;, and DOES 1-10, inclusive, are

11   the owners, subsidiaries, operators, lessors and lessees of the business property, buildings

12   and/or portions thereof located at 21433 Broadway Road, Los Gatos, CA 95033

13   ("NONNO'S PIZZA"). NONNO'S PIZZA is a "public accommodation" and "business

14   establishment" subject to the requirements of California Civil Code §§51 et seq and §§54.

15   NONNO'S PIZZA, since July 1, 1982, has undergone construction and/or "alterations,

16   structural repairs, or additions", subjecting sch facility to disabled access requirements of

17   California Title 24, the State Building Code. Further, irrespective of the alteration history,

18   such premises are subject to the "readily achievable" barrier removal requirements of Title

19   III of the Americans with Disabilities Act of 1990.

20       6. The true names and capacities of Defendants Does 1 through 10, Inclusive, are

21   unknown to JOHNSON, who therefore sues said Defendants by such fictitious names.

22   JOHNSON is informed and believes and alleges thereon that each of the Defendants herein

23   designated as "Doe" is legally responsible in some manner for the events and happenings

24   herein referred to and caused injury and damages proximately thereby to JOHNSON.

25   JOHNSON prays leave of Court to amend this Complaint to show such true names and

26   capacities when the same have been ascertained.

27       7. Defendants RALPH DI TULLIO; ELISABETH DI TULLIO;; and DOES 1-10,

28   inclusive, are and were the owners, subsidiaries, operators, lessees and/or lessors of the

1  subject property and/or buildings at all times relevant to this Complaint. JOHNSON is

2  informed and believes and alleges thereon that each of the DEFENDANTS herein is the

3  agent, employee or representative of each of the other DEFENDANTS, and performed all

4  acts and omissions stated herein within the scope of such agency or employment or

5  representative capacity and is responsible in some manner for the acts and omissions of

6  the other DEFENDANTS in proximately causing the damages complained of herein.

7

8                    **FIRST CAUSE OF ACTION**
                    **DENIAL OF FULL AND EQUAL ACCESS TO**

9          **PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION**
        **(California Govt. Code §4450 et seq; Civil Code §§54, 54.1 et seq)**

10          8. JOHNSON pleads and incorporates by reference, as if fully set forth herein, the

11  factual allegations contained in Paragraphs 1 through 7, above, and incorporates them

12  herein by reference as if separately plead hereafter.

13          9. JOHNSON and other similarly situated physically disabled persons, including

14  those who require the use of a wheelchair, are unable to use public facilities on a "full and

15  equal" basis unless each such facility is in compliance with the provisions of California

16  Government Code §4450 et seq. JOHNSON is a member of that portion of the public whose

17  rights are protected by the provisions of California Government Code §4450 et seq. and

18  Civil Code §§ 54 and 54.1.

19          10. Government Code §4450 et seq were enacted "to ensure that all buildings,

20  structures, sidewalks, curbs, and related facilities, constructed in this state by the use of

21  state, county, or municipal funds, or the funds of any political subdivision of the state shall

22  be accessible to and usable by persons with disabilities". On information and belief,

23  Government Code §4450 et seq apply to NONNO'S PIZZA. Civil Code §54 provides

24  that:"Individuals with disabilities or medical conditions have the same right as the general

25  public to the full and free use of the streets, highways, sidewalks, walkways, public

26  buildings, medical facilities, including hospitals, clinics, and physicians' offices, public

27  facilities, and other public places. " Civil Code §54.1 provides that: "Individuals with

28

---

**COMPLAINT**                                                                                      4

1 disabilities shall be entitled to full and equal access, as other members of the general
2 public, to accommodations..." The codes relating to such public accommodations also
3 require that "[w]hen sanitary facilities are made available for the public, clients or
4 employees....they shall be made available for persons with disabilities." Title 24, California
5 Code of Regulations, formerly known as the California Administrative Code, was in effect
6 at the time of each alteration which occurred at such public facility since July 1, 1982, thus
7 requiring access complying with the specifications of Title 24 whenever each such
8 "alteration, structural repair or addition" was carried out. Defendants and/or their
9 predecessors in interest carried out alterations, structural repairs or additions to the subject
10 building and its parking facilities during the period Title 24 has been in effect.

11       11. JOHNSON has been a disabled individual since an accident left him paraplegic
12 in or about July 2009. His visit to NONNO'S PIZZA was on or about February 2, 2017,
13 where he expected and anticipated that he would not encounter barriers. He arrived in his
14 van and experienced barriers to access in violation of both federal and state access for
15 disabled people laws, including but not limited to the following:

16 •     JOHNSON experienced difficulties outside and entering because:

17              •     there is no ADA parking.

18 •     JOHNSON experienced difficulties inside the location because:

19              •     the front door is hard to maneuver;

20              •     the path of travel to the interior seating has a vertical change;

21              •     the interior path of travel is tight;

22              •     there is less than 5% ADA seating on the interior;

23              •     the interior order counter is too high; and

24              •     the interior order counter is too high.

25 •     JOHNSON experienced difficulties in the outside dining area because:

26              •     the exterior path of travel has unacceptable slopes;

27              •     there is less than 5% ADA seating on the exterior;

28              •     no ADA access to the bocce court.

---

**COMPLAINT**                                                                                          5

1  •    JOHNSON experienced difficulties in the bathroom because:

2          •    there is a step to the door;

3          •    the door is too tight; and

4          •    lack of turning space and maneuverability in the bathroom.

5       JOHNSON was humiliated and embarrassed at not being able to properly access

6  and use the facilities. These barriers have rendered NONNO'S PIZZA and its premises

7  illegally inaccessible to and unuseable by physically disabled persons, including

8  JOHNSON. All facilities must be brought into compliance with applicable federal and

9  state statutory and regulatory requirements, according to proof.

10       12. Further, each and every violation of the Americans with Disabilities Act of

11  1990 (as pled in the Third Cause of Action below), also constitutes a separate and

12  distinct violation of California Civil Code §54©, thus independently justifying an award of

13  damages and injunctive relief pursuant to California law, including but not limited to, Civil

14  Code §§54.3 and 55.

15       13. Further, each and every violation of the Americans with Disabilities Act of

16  1990 (as pled in the Third Cause of Action below), also constitutes a separate and

17  distinct violation of California Civil Code §54.1(d), thus independently justifying an award

18  of damages and injunctive relief pursuant to California law, including but not limited to,

19  Civil Code §§54.3 and 55.

20       14. JOHNSON seeks injunctive relief to prohibit the acts and omissions of

21  DEFENDANTS, and each of them, as complained of herein, which are continuing on a

22  daily basis and which have wrongfully excluded JOHNSON and other similarly situated

23  members of the public from full and equal access to these public facilities. Such acts

24  and omissions are the cause  of humiliation and mental and emotional suffering of

25  JOHNSON in that these actions continue to treat JOHNSON as an inferior and second

26  class citizen and serve to discriminate against him on the sole basis that he is a person

27  with a disability who requires the use of a wheelchair for movement. JOHNSON is

28  unable, so long as such acts and omissions of DEFENDANTS, and each of them,

---

**COMPLAINT**                                                             6

1  continue, to achieve equal access to and use of these public facilities, and has been
2  harmed as a result of trying to access the facilities and/or has been deterred and unable
3  to access the facilities. JOHNSON alleges that he intends to return once legally required
4  access has been provided. The acts of DEFENDANTS, and each of them, have
5  proximately caused and will continue to cause irreparable harm and injury to JOHNSON
6  if not enjoined by this court.

7      15. Whereas, JOHNSON asks this court to preliminarily and permanently enjoin
8  any continuing refusal by DEFENDANTS, and each of them, to grant full and equal
9  access to JOHNSON in the respects complained of and to require DEFENDANTS, and
10  each of them, to comply forewith with the applicable statutory requirements relating to
11  access for disabled persons. Such injunctive relief is provided by  California Government
12  Code §4452 and California Civil Code §55, and other law. JOHNSON further requests
13  that the court award damages pursuant to Civil Code §54.3 and other law and attorney
14  fees, litigation expenses, and costs pursuant to Civil Code §54.3 and 455, Code of Civil
15  Procedure §1021.5 and other law, all as hereinafter prayed for.

16      16. As a result of the denial of equal access to this facility, and due to the acts
17  and omissions of DEFENDANTS, and each of them in owning, subsidizing, operating,
18  leasing, constructing, altering and maintaining the subject facilities, JOHNSON suffered
19  a violation of his civil rights, including but not limited to, rights under Civil Code §§54 and
20  54.1, all to his damages per Civil Code §54.3, including general, statutory and treble
21  damages, as hereinafter stated. DEFENDANTS', and each of their, actions and
22  omissions to act constitute discrimination against JOHNSON on the sole basis that he
23  was and is physically disabled and unable, because of the architectural and other
24  barriers created and/or maintained by the DEFENDANTS in violation of the subject laws,
25  to use the public facilities on a full and equal basis as other persons.

26      17. At all times herein mentioned, DEFENDANTS, and each of them, knew, or in
27  the exercise of reasonable diligence should have known, that their barriers and practices
28  at their subject facility violated disabled access requirements and standards and had a

---

**COMPLAINT**                                                                              7

1  discriminatory affect upon JOHNSON and upon other physically disabled persons, but

2  DEFENDANTS, and each of them, have failed and refused to rectify these violations,

3  and presently continue a course of conduct of failure to remove architectural barriers

4  that discriminate against JOHNSON and similarly situated disabled persons.

5       18. As a result of DEFENDANTS', and each of their, acts, omissions and conduct,

6  JOHNSON has been required to incur attorney fees, litigation expenses and costs, in

7  order to enforce his rights and to enforce provisions of the law protecting access for

8  disabled persons and prohibiting discrimination against disabled persons. JOHNSON

9  therefore seeks recovery of all reasonable attorney fees and costs, pursuant to the

10  provisions of California Civil Code §§54.3 and 55. Additionally, JOHNSON's lawsuit is

11  intended to require that DEFENDANTS, and each of them, make their facilities

12  accessible to all disabled members of the public, justifying "public interest" attorney fees

13  and costs pursuant to the provisions of California Code of Civil Procedure §1021.5 and

14  other applicable law.

15       WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter

16  stated.

17                          **SECOND CAUSE OF ACTION**
   **VIOLATION OF CALIFORNIA LAW: UNRUH CIVIL RIGHTS ACT, CIVIL CODE §§51,**
18  **52, and AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE**
   **§51(f)**
19

20       19. JOHNSON pleads and incorporates by reference, as if fully set forth herein,

21  the factual allegations contained in Paragraphs 1 through 18, above, and incorporates

22  them herein by reference as if separately plead hereafter.

23       20. At all times relevant to this complaint, California Civil Code §51 has provided

24  that physically disabled persons are free and equal citizens of the state, regardless of

25  medical condition or disability.

26       21. California Civil Code §52 provides that discrimination by DEFENDANTS, and

27  each of them, against JOHNSON on the basis of his disability constitutes a violation of

28  the anti-discrimination provision of §51 and 52.

---

**COMPLAINT**                                                                    8

1      22. DEFENDANTS', and each of their, discrimination also constitutes a separate

2  and distinct violation of California Civil Code §52.

3      23. Any violation of the Americans with Disabilities Act of 1990 (as pled in the

4  Third Cause of Action) constitutes a violation of California Civil Code §51(f) thus

5  independently justifying an award of damages and injunctive relief pursuant to California

6  law.

7      24. The acts and omissions of DEFENDANTS, and each of them, as herein

8  alleged constitute a denial of access to and use of the described public facility by

9  physically disabled persons within the meaning of California Civil Code §§51 and 52. As

10  a proximate result of DEFENDANTS', and each of their, actions and omissions,

11  DEFENDANTS, and each of them, have discriminated against JOHNSON in violation of

12  California Civil Code §§51 and 52.

13      25. As a result of DEFENDANTS', and each of their, acts, omissions and conduct,

14  JOHNSON has been required to incur attorney fees, litigation expenses and costs as

15  provided by statute, in order to enforce his rights and to enforce provisions of the law

16  protecting access for disabled persons and prohibiting discrimination against disabled

17  persons. JOHNSON therefore seeks recovery of all reasonable attorney fees and costs,

18  pursuant to the provisions of California Civil Code §§51 and 52. Additionally,

19  JOHNSON's lawsuit is intended to require that DEFENDANTS, and each of them, make

20  their facility accessible to all disabled members of the public, justifying "public interest"

21  attorney fees and costs pursuant to the provisions of California Code of Civil Procedure

22  §1021.5 and other applicable law.

23      WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter

24  stated.

25  ///

26  ///

27  ///

28  ///

### THIRD CAUSE OF ACTION
### VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990
### 42 U.S.C. §§12101 et seq

26. JOHNSON pleads and incorporates by reference, as if fully set forth herein, the factual allegations contained in Paragraphs 1 through 25, above, and incorporates them herein by reference as if separately plead hereafter.

27. In passing the Americans with Disabilities Act of 1990 ("ADA"), Congress' stated purpose, in relevant part, was to mandate a national prohibition of discrimination against physically disabled persons and to provide standards to address the discrimination.

28. As part of the ADA, Congress passed the definition of " Public Accommodation" to include "...other sales or rental establishment" (42 U.S.C. §12181(7)(E).

29. The ADA clearly states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. §12182. The specific prohibitions against discrimination included, but were not limited to the following:

(a) §302(b)(1)(A)(ii): "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

(b) §302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to

1   individuals with disabilities."

2   © §302(b)(2)(A)(iii): "A failure to take such steps as may be necessary to ensure

3   that no individual with a disability is excluded, denied service, segregated, or

4   otherwise treated differently than other individuals because of the absence of

5   auxiliary aids and services..."

6   (d)  §302(b)(2)(A)(iv): "A failure to remove architectural barriers, and

7   communication barriers that are structural in nature, in existing facilities...where

8   such removal is readily achievable;" and

9   (e)  §302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a

10  barrier under clause (iv) is not readily achievable, a failure to make such goods,

11  services, facilities, privileges, advantages or accommodations available through

12  alternative methods if such methods are readily achievable."

13      The acts and omissions of DEFENDANTS, and each of them, set forth herein

14  were in violation of JOHNSON's rights under the ADA and the regulations promulgated

15  thereunder, 28 CFR Part 36 et seq.

16      30. The removal of each of the barriers complained of by JOHNSON as alleged

17  above were at all times herein mentioned since January 26, 1992 "readily achievable"

18  under the standards of §302 of the ADA. As noted above, removal of each and every

19  one of the architectural barriers complained of herein were also required under

20  California law. Further, on information and belief, alterations, structural repairs or

21  additions since January 26, 1993, have also independently triggered requirement for

22  removal of barriers to access for disabled persons per §303 of the ADA.

23      31. JOHNSON is informed and believes and alleges thereon that, as of the date

24  of his encounter of the premises and as of the filing of this Complaint, the premises have

25  denied and continue to deny full and equal access to JOHNSON and to other disabled

26  persons in other respects which violate JOHNSON's rights to full and equal access and

27  which discriminate against JOHNSON on the basis of his disability, thus wrongfully

28  denying to JOHNSON the full and equal enjoyment of the goods, services, facilities,

1  privileges, advantages and accommodations, in violation of §§302 and 303 of the ADA.

2      32. JOHNSON is informed and believes and alleges thereon that DEFENDANTS,

3  and each of them, have continued to violate the law and deny the rights of JOHNSON

4  and other disabled persons' access to NONNO'S PIZZA since on or before JOHNSON's

5  encounters, as previously noted. Pursuant to the ADA, §308, 42 U.S.C. 12188 et seq,

6  JOHNSON is entitled to the remedies and procedures set forth in §204(a) of the Civil

7  Rights Act of 1964, 42 U.S.C. 2000a-3(a), as JOHNSON is being subjected to

8  discrimination on the basis of disability in violation of the ADA or has reasonable

9  grounds for believing that he is about to be subjected to discrimination. Pursuant to

10  §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief

11  shall include an order to alter facilities to make such facilities readily accessible to and

12  useable by individuals with disabilities to the extent required by this title."

13      33. JOHNSON seeks relief pursuant to remedies set forth in §204(a) of the Civil

14  Rights Act of 1964, 42 U.S.C. 2000a-3(a), and pursuant to Federal Regulations adopted

15  to implement the ADA. JOHNSON is a qualified disabled person for purposes of §308(a)

16  of the ADA who is being subjected to discrimination on the basis of disability in violation

17  of Title III and who has reasonable grounds for believing he will be subjected to such

18  discrimination each time he attempts to use the facilities at NONNO's PIZZA.

19      WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter

20  stated.

21                              **PRAYER**

22      JOHNSON prays that this court:

23      1. Issue a preliminary and permanent injunction directing DEFENDANTS, and

24  each of them, as current owners, subsidiaries, operators, lessors, and/or lessees of the

25  property and premises to modify the above-described property and premises and related

26  facilities so that each provides full and equal access to all persons, including persons

27  with physical disabilities such as wheelchair users, and issue a preliminary and

28  permanent injunction directing DEFENDANTS, and each of them, to provide facilities

---

**COMPLAINT**                                                    12

1  useable by JOHNSON and similarly situated persons with disabilities, and which provide

2  full and equal access, as required by law, including appropriate changes in policy;

3    2. Retain jurisdiction over the DEFENDANTS, and each of them, until such time

4  as the court is satisfied that DEFENDANTS', and each of their, unlawful policies,

5  practices, acts and omissions, and maintenance of inaccessible public facilities as

6  complained of herein no longer occur and can not recur;

7    3. Award to JOHNSON all appropriate damages, including but not limited to

8  statutory damages, personal injury damages, general damages, and treble damages in

9  an amount within the jurisdiction of the court, all according to proof;

10    4. Award to JOHNSON all reasonable statutory attorney fees, litigation expenses,

11  and costs of this proceeding as provided by law;

12    5. Award prejudgement interest pursuant to California Civil Code §3291; and

13    6. Grant such other and further relief as this court may deem just and proper.

14

15  Dated: ____10/18____, 2017        SARRAIL, CASTILLO & HALL, LLP

16

17                                  By:____Monica Castillo____

18                                     Monica Castillo
                                       Attorneys for Plaintiff
19                                     RICHARD JOHNSON

20                          **DEMAND FOR JURY**

21    JOHNSON hereby demands a jury for all clams for which a jury is permitted.

22

23  Dated: ____10/18____, 2017        SARRAIL, CASTILLO & HALL, LLP

24

25                                  By:____Monica Castillo____

26                                     Monica Castillo
                                       Attorneys for Plaintiff
27                                     RICHARD JOHNSON

28

**COMPLAINT**                                                          13